IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN MCGILLIVARY,

      Plaintiff,

      v.

CONCRETE SUPPLY OF TOPKEA, LLC,

      Defendant.

Case No. 22-CV-04070-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Kevin McGillivary brings this lawsuit against his former employer, Defendant Concrete Supply of Topeka, LLC, alleging claims of hostile work environment, failure to accommodate, and disability discrimination under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, et seq. This matter is before the Court on Defendant Concrete Supply of Topeka, LLC's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 16). The motion is fully briefed[1] and the Court is prepared to rule. For the reasons set forth below, the Court grants Defendant's motion to dismiss.

### I.    Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level" and must include "enough facts to state a claim for relief that is plausible on its face."[2] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action'

---

[1] While Defendant did not file a reply brief in support of its motion to dismiss, because the time to do so has expired, the Court deems the motion ripe for decision.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

will not suffice; a plaintiff must offer specific factual allegations to support each claim."[3] The court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[4]

## II.     Background

Prior to filing this lawsuit, Plaintiff filed a Charge of Discrimination against Defendant with the Kansas Human Rights Commission ("KHRC"), dually filed with the Equal Employment Opportunity Commission ("EEOC").[5] The EEOC then issued a right-to-sue letter to Plaintiff, who, within 90 days of its receipt, filed his original Complaint against Defendant on December 23, 2022, alleging claims of hostile work environment, failure to accommodate, and disability discrimination under the ADA.[6] Defendant moved to dismiss Plaintiff's complaint on a number of grounds.[7] As relevant here, Defendant sought dismissal of Plaintiff's failure-to-accommodate claim for Plaintiff's failure to exhaust administrative remedies. In Plaintiff's original Complaint, Plaintiff alleged that his only request for an accommodation for his disability occurred in May or June 2020, while his Charge of Discrimination was not filed until June 11, 2021. Therefore, Defendant argued, Plaintiff's failure-to-accommodate claim was untimely as the alleged offense did not occur within 300 days of Plaintiff filing his Charge of Discrimination.

---

[3] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

[5] Doc. 17-1.  The Court can consider this document, Plaintiff's Charge of Discrimination, because although Plaintiff did not incorporate it by reference or attach it to the original or Amended Complaint, the document is "referred to in the complaint and central to the plaintiff's claim" and, therefore, "defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] Doc. 1.

[7] Doc. 4.

On March 8, 2023, Plaintiff filed an Amended Complaint.[8] The Amended Complaint is largely the same as the original Complaint, except that Plaintiff now asserts that he requested an accommodation for his disability on numerous occasions after May or June 2020—specifically, from September 2020 through November 2020—thereby bringing these claims within the 300-day time period of filing his Charge of Discrimination. Defendant's pending motion seeks only to dismiss Plaintiff's failure-to-accommodate claim in the Amended Complaint for failure to exhaust.[9]

**IV.   Discussion**

Defendant claims that even with the new allegations in the Amended Complaint, Plaintiff has still failed to exhaust administrative remedies with regard his failure-to-accommodate claim because the substance of the underlying allegations were not included in Plaintiff's Charge of Discrimination. Plaintiff concedes that this is a meritorious defense and agrees that Count II of his Amended Complaint should be dismissed. Therefore, the Court grants Defendant's motion and dismisses Count II of the Amended Complaint as unopposed.

While conceding that dismissal of Count II as a standalone claim is proper, Plaintiff asks the Court to not strike the allegations in the Amended Complaint that relate to his now dismissed failure-to-accommodate claim, arguing that they remain a component of his hostile-work-environment claim. No motion to strike is before the Court, and Defendant did not file a reply in support of its motion to dismiss or otherwise address this request of Plaintiff. Therefore, the factual allegations regarding Plaintiff's claim of failure to accommodate will remain in the Amended Complaint.

---

[8] Doc. 12.
[9] Doc. 16.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Concrete Supply of Topeka, LLC's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 16) is **granted**.

**IT IS SO ORDERED.**

Dated: May 9, 2023

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE